## THE VILLAGE OF WILMETTE

*v.*

### KATHERINA BRACHLE.

*Opinion filed April 20, 1904—Rehearing denied June 9, 1904.*

1. NEGLIGENCE—*what does not require use of care commensurate with danger.* In the absence of actual knowledge of a defect in a sidewalk which is not of an open or noticeable character, the fact that plaintiff had passed over the walk a short time before she was injured does not make the use of "care commensurate with the danger" essential to her right of recovery.

2. SAME—*what necessary to justify instruction as to effect of recent repair of sidewalk.* To justify an instruction relieving a village from liability for defects in a sidewalk if it had made repairs on the walk within a week or ten days, provided there was no actual or constructive notice that the walk was again out of repair, the evidence must show that the repairs were made at the place where the injury occurred.

*Village of Wilmette* v. *Brachle,* 110 Ill. App. 356, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

J. L. MCKITTRICK, and GEORGE GILLETTE, for appellant.

O'BRIEN & MCKINLEY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellee recovered a judgment in the circuit court of Cook county against appellant for injuries sustained on account of a fall, caused, as alleged, by a defective sidewalk. The judgment was affirmed on appeal to the Appellate Court for the First District, and appellant has prosecuted an appeal to this court.

At the time of the injury complained of, appellee, a woman about forty-five years of age, had lived in the village of Wilmette for nineteen years. She had one daughter about eleven years of age, who, with her husband, constituted the family. On the morning of October 28, 1900, appellee passed over the sidewalk in question on her way to church, and on her way home, as she approached Seventeenth street, walking east on the north side of Lake avenue, she met Mrs. Arndt, who stood waiting for her. As appellee and Mrs. Arndt were walking along in the direction indicated, Mrs. Calkins caught up with them and stepped in between Mrs. Arndt and appellee, and the three then continued walking together, appellee being on the north and Mrs. Arndt on the south side of the sidewalk. As they reached a point about twenty-five feet east of Seventeenth street Mrs. Arndt stepped on a board, causing the opposite end to tip up and trip appellee. She stumbled and fell down, striking the edge of the sidewalk with the right side and head and then rolled off on the ground. Her two companions assisted her in getting up, and after sitting on the edge of the walk for a few minutes she got up and walked home. Her side pained her and began to get worse, and continued so a considerable length of time, and the evidence tends to show that her left side and arm are partly

paralyzed and that she is permanently injured. The walk in question was an ordinary plank walk, consisting of two-inch planks laid crosswise upon and nailed to three stringers running longitudinally. The walk had been built about eleven years previous to the accident, and had been repaired several different times.

The declaration contained but one count, and alleged, in substance, that on October 28, 1900, the defendant was possessed and had control of a certain sidewalk on a certain public street known as Lake avenue, in the village of Wilmette, and that it then and there was the duty of the defendant to keep said sidewalk in a reasonably safe and sound repair and condition, and that, not regarding its duty in that behalf, the defendant negligently and carelessly suffered the said sidewalk to remain in bad, defective and unsafe repair and condition, and that the stringers were broken, loose and rotten, and the boards were unfastened, etc. The defendant pleaded the general issue, and upon the trial a verdict was returned for the plaintiff for $8500, upon which verdict judgment was entered.

At the close of all the evidence appellant moved the court to exclude the evidence from the jury and to instruct the jury to find for the defendant, which motion was overruled and the instruction refused. We have examined the evidence, both that contained in the abstract and in the record, and are satisfied that there was sufficient evidence fairly tending to support plaintiff's cause of action to entitle the plaintiff to have the cause submitted to the jury, and that the court did not err in refusing the peremptory instruction.

On the motion of the plaintiff the court gave the jury the following instruction:

"The court instructs the jury that if you believe, from the evidence, that the sidewalk in question was a public walk in the village of Wilmette, then the plaintiff had the right, at the time in question, to pass over said walk

on foot; and the mere fact, if it is a fact, that she passed over it before, should not, of itself, deprive her of the right to recover in this case, if the jury believe, from the evidence, that the defendant village is guilty of the negligence alleged in the declaration, and that the plaintiff was, at and before the time of the accident, in the exercise of ordinary care for her own safety."

It is not contended that this instruction is not a fair statement of the law, but the contention, as we understand it, is, that in the light of the facts it was misleading, in that it states to the jury that the plaintiff had the right to use the walk although she had previously been over it, and it is urged that, as the declaration charges that the planks were loose and broken, if the appellee had previously been over the walk and knew of its condition, it was her duty to use care commensurate with the known dangers, and that having failed to do so she contributed to her own injuries. The injury was incurred by appellee walking in company with two other ladies along the walk, and at the point in question one of the planks, when stepped upon by one of the ladies accompanying appellee, was tilted or tipped up, so that appellee's foot was caught under it and she was thrown to the walk. The averments in the declaration were sufficiently proven and sufficiently broad to cover the particular manner of receiving the injury as shown by the evidence, and the evidence does not disclose that at the particular place where appellee was injured the defect was so open or of such noticeable character that she was charged with having had knowledge of it prior to the injury. In fact, the evidence tends to show that at the place where the injury was received the outside stringers were rotten and wasted so that they furnished no support, and that the planks lying crosswise were attached to some stringers, but that they were not sufficiently attached to stand the weight of a person upon the outer ends of the planks. We cannot say, in the ab-

sence of evidence that appellee did have actual knowledge of the dangerous condition of the walk, that she was not using such care as was required of her.

Three instructions were offered by appellant and refused by the court. All three of these instructions were upon the theory that if appellant had, within a week or ten days before the accident, repaired the walk, then, unless appellant had actual knowledge that the walk had again become out of repair, or that the defect had existed for such length of time that appellant would be charged with knowledge thereof, the plaintiff could not recover. In a general sense it may be said that these instructions stated correct principles of law if they were supported by facts appearing in the record. The controlling fact upon which they are based is, that the walk was repaired at the particular place where the injury occurred, a week or ten days before the injury. The testimony is that the injury occurred twenty-five or thirty feet west of Seventeenth street. The only evidence of any repair of the walk in question was that of the witnesses Fisher and Hoth. These witnesses testified that a week or ten days prior to the injury they made some repairs on the walk in question, but neither witness located the repairs made at the point where the injury was incurred. It is true that Hoth said that he made repairs twenty or twenty-five feet east of Seventeenth street. He also says that Fisher assisted in the repairs, and that the repairs began right at the lamp-post at Seventeenth street, and that stringers were put in for twenty feet. Fisher testifies that he assisted in the repairs, and that the stringers were rotted out and they put in stringers for about twenty feet, beginning at the lamp-post at Seventeenth street, and that the sidewalk at the place where they repaired it was in the same condition after the injury that it was before. If this evidence is true, then it is clear that the place where appellee was injured was not the place that was repaired. The evidence

shows that the walk·in question had been condemned, or that its dangerous condition was called to the attention of the council, and was known to everybody, in a way, that used it; that it was at least eleven years old; that the stringers under a great portion of it had rotted out, but that the planks on top were two-inch planks, and that they had not wasted or rotted so much, and gave the walk an appearance of being sound in many places when it was, in fact, highly dangerous. Unless the repairs that are relied upon by the instructions offered were shown to be at the spot where the injury was incurred, or so approximate to it that it could be doubtful and the question necessarily one for the jury, then the instructions could have no application; and if the walk was in the same condition after the injury that it was when it was repaired, it is evident, then, that the injury was not at the place where the repairing was done, or that it was badly repaired, which would be equivalent to a dangerous and bad construction.

From a careful examination of this evidence as applied to the instructions refused, we are unable to say that the evidence offered upon the question of repairs so located the repairs with reference to the place of injury that it can be said that the question should have been submitted to the jury under the instructions refused. It may be further said, that while not presenting the exact state of facts set up in the refused instructions, the propositions of law contained in them were given in appellant's fifth, seventh, eighth, tenth and eleventh instructions. Nineteen instructions were given for appellant, and the law of the case was fairly presented to the jury.

We do not think that there is such error in this record as calls for a reversal of the judgment of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*